## Clement Bulk Sale

*George W. McKee,* for purchaser.
*Clerkner & Fearen,* for exceptant.
*Charles F. Schmidt* and *F. R. Martsolf,* for attaching creditors.

LIPSITT, *J.,* January 7, 1976—In this proceeding, the parties have advanced the question whether or not lien creditors are entitled to a preference over general creditors in the distribution of proceeds paid into court in view of the provisions concerning bulk transfers in the Uniform Commercial Code.

The significant facts are covered in the following precis and discussion. On April 7, 1975, a bulk transfer of equipment and related items of Charles A. Clement and Allen S. Apple, a copartnership trading as The Apple and The Frenchman, was made to the Clock Bar, Inc. Pursuant to section 6-106 of the Uniform Commercial Code, Bulk Transfers, Act of April 6, 1953, P. L. 3, as amended, 12A PS §6-106, the Clock Bar, Inc., through its attorney paid the consideration due to the sellers, $7,666, to the Prothonotary of Dauphin County.

Subsequent to said payment, at least 11 of the sellers' creditors filed claims for distribution. On August 8, 1975, upon petition of Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, Richard E. Bitting and Edward Antolick, this court issued a decree nisi ordering payment of the proceeds to the aforesaid petitioning creditors. On August 27, 1975, Samuel Gerber, Inc., filed exceptions to the decree nisi. These exceptions are the subject of the present litigation.

Calla, Bitting and Antolick claimed recognition must be given to their liens in amounts which would have exhausted the total available for distribution:

Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, $3,754.56; Richard E. Bitting, $1,064.15; and Edward Antolick, balance of the proceeds to be applied to the obligation due him of $5,196.40.

At first blush, it appears Samuel Gerber, Inc., has a sound position under the Uniform Commercial Code because section 6-106(3), which spells out the priority in distribution of proceeds when there are insufficient funds to satisfy all creditors, states specifically that after payment of claims by any governmental agency and the State Unemployment Compensation Fund, distribution shall be made to "(b) All other creditors on a pro rata basis."

Creditor is defined in section 201(12) of article 1 of the Uniform Commercial Code:

" 'Creditor' includes a general creditor, a secured creditor, a lien creditor and any representative of creditors, including an assignee for the benefit of creditors, a trustee in bankruptcy, a receiver in equity and an executor or administrator of an insolvent debtor's or assignor's estate": Act of April 6, 1953, P. L. 3, 12A P.S. §1-201(12).

The preference in distribution seems unequivocally to be set forth by the statute and no distinction is made between general creditors and lien creditors, all of whom must share the proceeds on a pro rata basis.

Unfortunately, there are no cases construing this preference provision of the Pennsylvania Uniform Commercial Code.

Samuel Gerber, Inc., relies partly upon the holding in Cesco Supply Company v. Brown, 168 Pa. Superior Ct. 554, 78 A.2d 874 (1951). This case

dealt with a problem under a similar provision of the old Bulk Sales Act of May 23, 1919, P. L. 262, 69 P.S. §521. The court there held no preference could be given to an execution creditor in the distribution of the purchase price for the sale of goods in bulk.

Nevertheless, the situation now before the court is somewhat different from the logic posited by Samuel Gerber, Inc. Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, had loaned Charles A. Clement and Allen S. Apple, the partnership, certain sums of money which were secured by promissory notes payable on demand. When the obligors became delinquent, a suit was instituted on November 29, 1974, for the outstanding balance due and owing, the sum of $3,224.46. A judgment by default was entered on January 3, 1975, for said amount, plus costs and interest. On the same date, a writ of attachment was issued attaching the note of Clock Bar, Inc., in the amount of $7,666 payable to Charles A. Clement and Allen S. Apple in the possession of the attorney for Clock Bar, Inc., the garnishee.

It was not until April 7, 1975 that the bulk transfer of the business assets of The Apple and the Frenchman was made to the Clock Bar, Inc. At that time, the Clock Bar, Inc., paid the sum of $7,666 to its attorney, the aforementioned garnishee, for redemption of its note and the garnishee turned the money over to the Prothonotary of Dauphin County to be held in an escrow account pursuant to the UCC.

Immediately thereafter, on April 14, 1975, the Capital Vending Company submitted a petition to the court praying that the sum of $3,754.56, representing the judgment, plus costs and interest, be paid to it in satisfaction of its claim. Petitions by

other creditors followed. On August 8, 1975, Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, Richard E. Bitting and Edward Antolick requested the court to authorize the division of the proceeds as previously noted. The decree nisi was issued.

The amounts of the claims of the three lien creditors have not been challenged. The dispute is over their entitlement to a priority because of a perfected lien prior to the transfer. The Capital Vending Company issued a writ of attachment on January 3, 1975, which was duly served by the Sheriff of Dauphin County on January 14, 1975, on the attorney who was in possession of the note of the Clock Bar, Inc. Richard E. Bitting obtained his judgment on December 3, 1974, in the amount of $1,064.15 and issued a writ of execution on January 20, 1975. Edward Antolick obtained his judgment on February 14, 1975, in the amount of $5,196.40 and a writ of execution was issued on March 3, 1975. Pursuant to the writ of attachment issued on behalf of Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, the sheriff made a levy on all of the personal property held by the partners, Charles A. Clement and Allen S. Apple, on January 14, 1975. The bulk sale occurred on April 7, 1975. Thus, the writs of execution and most importantly, the writ of attachment all preceded the bulk sale of the property involved. The levy by the sheriff created a lien upon that property. See 15 P.L.Encyc., Execution, §66. In order to release any or all of the property from the levy, it would have been necessary to proceed under Pa. R.C.P. 3119 which provides for the release of property from the lien of the sheriff s levy. As a matter of fact, after the attachment by the sheriff on the writ of attachment, a bulk sale was impossible and of no effect. The Cesco case, supra, is inap-

posite to the instant circumstances because in Cesco the creditor obtained a lien by a writ of attachment on bulk transfer proceeds more than 90 days after the bulk sale had taken place. Here, the attachment was issued and levied some months before the bulk transfer. If Samuel Gerber, Inc. is to be given standing in this case, a judgment debtor could circumvent the execution process by merely having a bulk sale.

In 3 Anderson, Uniform Commercial Code, 472, the author refers to section 6-106(3), supra, and comments in footnote 14 in reference to the requirement that "all other creditors" be paid on a pro rata basis:

"This necessarily assumes the absence of any valid security interest or other right which would give a creditor a preference or priority over other creditors generally or with reference to particular property."

Plainly, there is an "other right" in the current case which warrants a priority to the lienholders.

Accordingly, we enter the following.

## ORDER

And now, January 7, 1976, the decree nisi entered by this court on August 8, 1975, directing the Prothonotary of Dauphin County to distribute the proceeds held from the sum of money paid by the Clock Bar, Inc., is confirmed. The exceptions of Samuel Gerber, Inc., are dismissed; and distribution is ordered as follows:

To Phillip J. Calla, Jr., t/d/b/a Capital Vending Company, $3,754.56,

To Richard E. Bitting $1,064.15, and

To Edward Antolick, the balance of the sum held by the Prothonotary of Dauphin County, less the Prothonotary's costs.